■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDROSFKY ADAMES, Appellant. [46 NYS3d 886]—

Appeal from judgments, Supreme Court, New York County (James A. Yates, J., at plea; Ronald A. Zweibel, J., at sentencing), rendered December 6, 2013, convicting defendant of criminal possession of a controlled substance in the first and second degrees, and sentencing him, as a second felony drug offender, to an aggregate term of 15 years to life, held in abeyance, and the matter remitted for further proceedings in accordance herewith.

It is undisputed that the court did not warn defendant dur-

ing the plea proceeding that he could be deported as a result of his guilty plea (*see People v Peque*, 22 NY3d 168, 176 [2013]; *cert denied sub nom. Thomas v New York*, 574 US —, 135 S Ct 90 [2014]). However, the record on appeal is unclear as to whether defendant, who was born outside the United States, is a citizen, with the People contending that he is and defendant insisting that he is not, and with both sides citing inconclusive information. Accordingly, we remand so that the court can first resolve this factual question. If the court should determine that defendant is not a U.S. citizen, he must then be afforded the opportunity to move to vacate his plea upon a showing that there is a reasonable probability that he would not have pleaded guilty had the court advised him of the possibility of deportation (*id.* at 198).

We have considered and rejected the People's remaining arguments for affirmance, as well as defendant's pro se argument for dismissal. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.